UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN NEWFARMER-FLETCHER,<br><br>         Plaintiff,<br><br>    v.<br><br>COUNTY OF SIERRA, a California Municipality, SIERRA COUNTY DEPT. OF HUMAN SERVICES/SOCIAL SERVICES DEPARTMENT, a government agency organized and existing pursuant to the law and policy of the COUNTY OF SIERRA, CAROL ROBERTS, Director of the DEPT. OF HUMAN SERVICES, JAMES MARKS, LARRY ALLEN, VAN MADDOX, JODI BENSON, CAROL IMAN, and DOES 1-50,<br><br>         Defendants. | Case No. 2:11-CV-02054 JAM-CKD<br><br><u>ORDER GRANTING DEFENDANTS'<br>MOTON TO DISMISS</u> |

Before the Court is Defendants' County of Sierra, Sierra County Department of Human Services/Social Services Department, Carol Roberts ("Roberts"), James Marks ("Marks"), Larry Allen ("Allen"), Van Maddox ("Maddox"), and Jodi Benson ("Benson"), (collectively "Defendants"), Motion to Dismiss (Doc. #17) the First Amended Complaint ("FAC," Doc. #16) filed by Plaintiff Jean Newfarmer-Fletcher ("Plaintiff"). Plaintiff opposes the motion

1

(Doc. #19).[1]

## I.   FACTUAL ALLEGATIONS

According to the FAC, Plaintiff is a social worker employed by Sierra County. In approximately May 2010, Plaintiff alleges that she participated in the initiation of a child dependency proceeding previously handled by Benson, another social worker at Sierra County Health and Human Services. Plaintiff believed that Benson's prior handling of the case was inaccurate and contained unspecified false information. Plaintiff alleges she reported her findings to her direct supervisor, Marks. Plaintiff alleges that Marks was in an inappropriate personal relationship with Benson and as a result of this relationship, Plaintiff alleges that she was targeted by Benson and Marks. Plaintiff alleges she was also harassed by Roberts, the Director of Health and Human Services in Sierra County and Curtis, an unknown party not named in this lawsuit. While Plaintiff alleges several incidents of harassment, four key events are most relevant to this motion: (1) In approximately June 2010, Plaintiff alleges that she received telephone calls from her clients who asked why Defendant Carol Iman, a union representative for California United Homecare Workers Union, was visiting them to obtain negative information about her; (2) On or about August 5, 2010, Plaintiff contends she informed Marks of a problem with a court file. Plaintiff alleges that Marks accused her of forging the court form and breaking confidentiality. Plaintiff contends that the error was assignable to the court and was corrected, but

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for January 25, 2012.

Marks failed to acknowledge this fact or apologize to her; (3) On or about March 8, 2011, Plaintiff alleges that Marks and Benson entered her office and removed files without permission.  Plaintiff subsequently requested that a lock be installed on her filing cabinet.  Plaintiff alleges that when she arrived at work the following day, the newly installed lock had been broken.  Plaintiff contends that Marks admitted to breaking the lock; and (4) On or about April 8, 2011, Plaintiff alleges that she was forced to submit to an alcohol test at the direction of Roberts.  Plaintiff alleges that the test occurred at the Sheriff's Department in a room with clear glass windows, visible to the public, and not in private.

   Plaintiff's FAC alleges ten causes of action: (1) Retaliation in violation of 42 U.S.C. § 1983; (2) Retaliation in violation of California Lab. Code § 1102.5; (3) Invasion of privacy in violation of U.S. Const. amend XIV; (4) Due process violation; (5) Slander; (6) Intentional infliction of emotional distress; (7) Harassment in violation of Govt. Code § 12940; (8) Defamation, in violation of Civ. Code § 46(3)-(4); (9) False Light, in violation of Civ. Code 45 or 48a; and (10) Invasion of privacy- publicity [sic.] placing person in false light in public eye, in violation of Civ. Code § 3422; Code of Civ. Proc. § 526.

                    II.  OPINION
   A.   <u>Legal Standard</u>
   A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss, the

1  court must accept the allegations in the complaint as true and draw
2  all reasonable inferences in favor of the plaintiff.  Scheuer v.
3  Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by
4  Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319,
5  322 (1972).  Assertions that are mere "legal conclusions," however,
6  are not entitled to the assumption of truth.  Ashcroft v. Iqbal,
7  129 S. Ct. 1937, 1950 (2009), (citing Bell Atl. Corp. v. Twombly,
8  550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a
9  plaintiff needs to plead "enough facts to state a claim to relief
10 that is plausible on its face."  Twombly, 550 U.S. at 570.
11 Dismissal is appropriate where the plaintiff fails to state a claim
12 supportable by a cognizable legal theory.  Balistreri v. Pacifica
13 Police Department, 901 F.2d 696, 699 (9th Cir. 1990).
14      Upon granting a motion to dismiss for failure to state a
15 claim, the court has discretion to allow leave to amend the
16 complaint pursuant to Federal Rule of Civil Procedure 15(a).
17 "Dismissal with prejudice and without leave to amend is not
18 appropriate unless it is clear . . . that the complaint could not
19 be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon, Inc.,
20 316 F.3d 1048, 1052 (9th Cir. 2003).
21      B.   Claims for Relief
22           1.   Causes of Action Against Defendants Allen and Maddox
23      Defendants argue that the FAC is devoid of any facts or
24 conduct attributable to Allen or Maddox, Personnel Directors for
25 the County of Sierra, other than vague assertions that they
26 permitted unlawful activities to exist.  Plaintiff counters that
27 Allen and Maddox, by their position as duel Personnel Managers, had
28 a duty over all County personnel, of implementation and oversight

of all county policies, state and federal law, and the duty to make sure all departments are in compliance of said policies and laws. Plaintiff fails to identify any facts in the FAC that would establish a cognizable claim against Allen or Maddox.  Because Plaintiff alleges that Allen and Maddox were supervisors, her claims are based on respondeat superior and vicarious liability. However, there is no respondeat superior or vicarious liability in Section 1983 claims.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Moreover, concerning the state law claims, Allen and Maddox are not responsible for the actions of other employees as a matter of law.  Cal. Govt. Code § 820.8.  Accordingly, Defendants' Motion to Dismiss all causes of action against Allen and Maddox is GRANTED WITH PREJUDICE.

///

### 2. County of Sierra

Defendants argue that since Plaintiff cannot establish an underlying constitutional violation against the individual defendants, her causes of action against the County of Sierra must fail.  Defendants, without providing any analysis, rely on City of Los Angeles v. Heller, 475 U.S. 796 (1986) (per curium), a civil rights damages action in which the Supreme Court held that since a jury found that the defendant police officer did not inflict a constitutional injury on the plaintiff, there was no basis for liability against the city and the members of the police commission.  Plaintiff does not oppose Defendants' arguments.

Here, Plaintiff might be able to plead constitutional violations against the individual defendants.  However, to state a claim against the County of Sierra, as a public entity it may be

held liable only for a constitutional violation that was caused by a policy, custom or practice of the public entity. <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658, 691 (1978).  To plead a <u>Monell</u> violation, Plaintiff must allege that the entity's policy or custom must have been the "moving force" behind the alleged deprivation. See <u>Monell</u>, 436 U.S. at 694.  Moreover, an isolated, unconstitutional incident, without more, cannot bind a municipality.  <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808, 823 (1985).  Plaintiff does not allege a <u>Monell</u>-type claim or provide any opposition to the County of Sierra's argument that it should be dismissed from this lawsuit.  Accordingly, because there are no cognizable legal claims against the County of Sierra, the Court GRANTS WITH PREJUDICE Defendants' Motion to Dismiss the County of Sierra.

///

### 3. <u>Invasion of Privacy</u>

One type of constitutionally-protected privacy interest is "the individual interest in avoiding disclosure of personal matters. . . ."  <u>In re Crawford</u>, 194 F.3d 954, 958 (9th Cir. 1999) (internal quotations omitted).  Plaintiff's third cause of action alleges that Marks and Benson entered her office without permission and went through her personal items.  Plaintiff's claim does not indicate how this alleged trespass constitutes a constitutional claim for invasion of privacy or how Defendants disclosed whatever personal information they allegedly found in her office. Accordingly, Defendants' Motion to Dismiss Plaintiff's third cause of action for invasion of privacy is GRANTED WITH LEAVE TO AMEND. In the amended complaint, Plaintiff must state with greater

specificity how her invasion of privacy claim is a violation of her constitutional right to privacy.

        4.   <u>Due Process Violations</u>

Defendants argue that Plaintiff's fourth cause of action alleging a due process violation fails to identify the type of protected life, liberty, or property interest of which she was deprived. Defendants argue that there are no facts to suggest that Plaintiff lost her job as a result of the alcohol screening, or even that she was disciplined. Furthermore, Defendants argue that even if Plaintiff had been disciplined in some way following the alcohol screening, she admits that due process was available through the County personnel grievance process, but she chose not to pursue it because she believed that it would be biased against her. Plaintiff counters that she was required to submit to the alcohol test without notice and without reasonable suspicion in violation of Sierra County Personnel Code 3.12. Sierra County Personnel Code 3.12(e)("Code 3.12(e)") requires employees to submit "to reasonable and appropriate alcohol testing . . . when there are reasons to believe that drug or alcohol use has occurred and/or is adversely affecting job performance."

Plaintiff's reliance on the Sierra County Personnel Code is unpersuasive. Plaintiff provides the language of Code 3.12(e) and summarily concludes that her rights were violated. As Defendants argue, Plaintiff must allege more. She must allege (1) she possesses a liberty or property interest, <u>Board of Regents of State Colleges v. Roth</u>, 408 U.S. 564 (1972); (2) she was deprived of that interest by government action; <u>Gilbert v. Homar</u>, 520 U.S. 924 (1997), and (3) the deprivation occurred without adequate notice

and an opportunity to be heard. Id.

In addition to failing to plead the due process elements, Plaintiff admits that due process was available though the County personnel grievance process, but she chose not to pursue it because she believed it would be biased against her. The fact that a grievance process existed satisfies due process, even though Plaintiff chose not to avail herself of it. In Armstrong v. Meyers, 964 F.2d 948, 951 (9th Cir. 1992), the Ninth Circuit held that a plaintiff was not denied due process even though the plaintiff's union decided not to pursue the arbitration process and plaintiff would have had to pay the costs of arbitration. Here, Plaintiff did not even engage the grievance procedure.

Because Plaintiff does not properly allege any of the elements for a due process violation or allege how she was denied due process even though she chose not to avail herself of the grievance procedures, Defendants' Motion to Dismiss Plaintiff's fourth cause of action alleging due process violations is GRANTED WITH LEAVE TO AMEND. In the amended complaint, Plaintiff can maintain this due process cause of action only if she can plead the elements of the violation and allege how she was denied due process despite voluntarily foregoing the grievance process.

### 5. Slander

Defendants move to dismiss Plaintiff's fifth cause of action for slander.

> A slander that falls within the first four subdivisions of Civil Code section 46 is slander per se and require[s] no proof of actual damages. A slander that does not fit into those four subdivisions is slander per quod, and special damages are required for there to be any recovery for that slander.

8

Regalia v. The Nethercutt Collection, 172 Cal.App.4th 361, 367 (Cal. Ct.App.2d 2009) (internal citations omitted). "With respect to slander per se, the trial court decides if the alleged statement falls within Civil Code section 46, subdivisions (1) through (4). It is then for the trier of fact to determine if the statement is defamatory." Id. at 368-69. Statements that are not slander per se generally involve "statements that reflect on the integrity and competence of the plaintiff, the clearest being allegations of unethical activity or incompetence." Id. at 369. "[T]he disparagement must be more than general defamation of the victim's character, it must go to a characteristic particularly relevant to the victim's occupation." Id.

Plaintiff's FAC includes general allegations that some Defendants stated that she was incompetent. Those allegations, however, do not support a claim for slander per se. Furthermore, Plaintiff does not allege a slander per quod claim because she does not plead the requisite special damages required to maintain such a claim. Therefore, this cause of action must be dismissed. The Court will, however, grant plaintiff one final opportunity to try to properly plead this claim. In the amended complaint, Plaintiff must allege with more specificity the statements that she contends are defamatory and identify how she has been damaged by those statements.

While the Court is granting Plaintiff leave to amend this claim, it GRANTS WITH PREJUDICE Defendants' Motion to Dismiss Roberts, Allen and Maddox from the slander cause of action. As discussed supra, all claims have been dismissed against Allen and Maddox. There is also no basis for liability against Roberts

1  pursuant to Government Code § 820.8 ("a public employee is not
2  liable for an injury caused by the act or omission or another
3  person.").

    6. <u>Intentional Infliction of Emotional Distress</u>

  California courts have generally held that where an employee is injured within the scope of employment, and where that harm does not constitute a violation of public policy, worker's compensation provides the exclusive means of tort recovery. <u>See</u> <u>City of Moorpark v. Superior Court of Ventura Cnty.</u>, 18 Cal.4th 1143, 1161 (Cal. 1998).  From the allegations in the sixth cause of action of Plaintiff's FAC, it is clear Plaintiff's emotional distress claim arises out of her employment with Sierra County.  Thus, based on the facts alleged, "the alleged wrongful conduct . . . occurred at the worksite, in the normal course of the employer-employee relationship, and therefore workers' compensation is plaintiffs' exclusive remedy for any injury that may have resulted." <u>Miklosy v. Regents of University of Cal.</u>, 44 Cal.4th 876, 902 (Cal. 2008). Plaintiff's cause of action would be viable if she could plead that the intentional infliction of emotional distress is a violation of public policy.  To plead that, Plaintiff would have had to allege conduct that "contravenes public policy [or] that exceeds the risks inherent in the employment relationship." <u>Id.</u>  However, "[t]he kinds of conduct at issue (e.g., discipline or criticism) are a normal part of the employment relationship.  Even if such conduct may be characterized as intentional, unfair or outrageous, it is nevertheless covered by the workers' compensation exclusivity provisions." <u>Id.</u>  Furthermore, the California Supreme Court has held that even in employee whistleblower cases, intentional

infliction of emotional distress claims are barred by the exclusivity provisions. <u>Shoemaker v. Myers</u>, 52 Cal. 3d. 1, 25 (Cal. 1990). Accordingly, because Plaintiff's intentional infliction of emotional distress claim is barred by the exclusivity provisions, the Court GRANTS WITH PREJUDICE Defendants' Motion to Dismiss the sixth cause of action alleging intentional infliction of emotional distress.

### 7. Harassment under FEHA

Plaintiff alleges in her seventh cause of action that Defendants sexually harassed her because she reported an unwarranted intrusion of the department in a case and a reasonable woman in Plaintiff's circumstances would have considered the work environment to be hostile and abusive, in violation of the California Fair Employment and Housing Act ("FEHA"), Gov. Code § 12940. To prevail on a hostile work environment claim under California's FEHA, an employee must show that "the harassing conduct was severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees because of their sex. There is no recovery for harassment that is occasional, isolated, sporadic, or trivial." <u>Hughes v. Pair</u>, 46 Cal.4th 1035, 1043 (Cal. 2009). Plaintiff does not provide any allegations that she was harassed because of her sex; from the FAC it is clear that no facts exist to support a claim for harassment under FEHA. This cause of action as pled in the FAC is based on the allegations that plaintiff was harassed because of what she reported, not because she was a member of a protected class. Since any further attempt to amend this claim would be futile, the Court GRANTS Defendants'

1 Motion to Dismiss the seventh cause of action WITH PREJUDICE.

        8.   <u>Defamation</u>

To state a claim for defamation (either libel or slander), Plaintiff must establish "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." <u>Smith v. Maldonado</u>, 72 Cal.App.4th 637, 645 (Cal.Ct.App.1d 1999); Cal. Civ. Code §§ 45-46. Publication means "communication to a third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made." <u>Id.</u>

Under California law, the defamatory statement must be specifically identified, and the plaintiff must plead the substance of the statement. <u>Jacobson v. Schwarzenegger</u>, 357 F.Supp.2d 1198, 1216 (C. D. Cal.2004). Even under the liberal federal pleading standards, "general allegations of the defamatory statements" that do not identify the substance of what was said are insufficient. <u>See</u> <u>Silicon Knights, Inc. v. Crystal Dynamics, Inc.</u>, 983 F.Supp. 1303, 1314 (N.D. Cal. 1997) (holding that "the words constituting a libel or slander must be specifically identified, if not pleaded verbatim").

In her eighth cause of action, Plaintiff alleges that Defendants published the fact that Plaintiff was subjected to an alcohol test by releasing that information to local newspapers and co-workers. Plaintiff alleges that Defendants contacted current clients, but she does not allege what Defendants told the clients. Plaintiff's claim includes an admission that she took the blood alcohol test so any reference to such a test is true and therefore cannot form the basis of her claim for slander. <u>See</u> Cal. Civ. Code

§ 46 (requiring that a "false and unprivileged" communications be made to support a cause of action). Because Plaintiff's defamation claim centers on a true statement, this claim fails as a matter of law and any further amendment would be futile. Thus, the Court GRANTS Defendants' Motion to Dismiss the eighth cause of action for defamation WITH PREJUDICE.

### 9. False Light

Plaintiff pleads her ninth cause of action for false light under California Civil Code sections 45 and 48a. Civil Code section 45 provides: "Libel is a false and unprivileged publication by writing, printing, . . . which has a tendency to injure [the plaintiff] in [her] occupation." Civ. Code § 45. Plaintiff bases her claim on the alcohol test, which, as discussed supra, is a true fact. Accordingly, Plaintiff fails to state a cognizable claim under Civil Code § 45.

Civil Code § 48a concerns damages against publishers of newspapers or radio broadcasts that contain libelous or slanderous statements. Since none of the Defendants are publishers, Civil Code § 48 is inapplicable. Thus, the Court GRANTS WITH PREJUDICE Defendants' Motion to Dismiss Plaintiff's ninth cause of action for false light.

### 10. Invasion of Privacy - Publicly Placing Person in False Light in Public Eye

Plaintiff baes her tenth cause of action for invasion of privacy and placing a person in a false light in a public eye on California Civil Code section 3422 and California Code of Civil Procedure section 526. Both of the cited codes pertain to various forms of injunctive relief – a form of relief Plaintiff does not

13

seek in this case.  In the Opposition, Plaintiff cites to <u>Hill v. National Collegiate Athletic Assn.</u>, 7 Cal. 4th 1, 36-37 (Cal. 1994) and essentially argues that Defendants violated her California constitutional right to privacy. This claim, however, does not include sufficient factual allegations demonstrating such a violation. Moreover, since the facts pled in the FAC do not support plaintiff's third claim for invasion of privacy or ninth claim for false light, this tenth claim must fail as well. The Court, will, however, grant plaintiff one final opportunity to try to properly plead this cause of action.

### III. ORDER

For the reasons set forth above,

The Court GRANTS WITH PREJUDICE Defendants' Motion to Dismiss:

(1) all causes of action against Allen and Maddox;

(2) all causes of action against the County of Sierra;

(3) Defendant Carol Roberts, from the fifth cause of action alleging slander;

(4) the sixth cause of action alleging intentional infliction of emotional distress;

(5) the seventh cause of action alleging harassment;

(6) the eighth cause of action for defamation; and

(7) the ninth cause of action for false light

The Court GRANTS WITH LEAVE TO AMEND Defendants' Motion to Dismiss:

(1) the third cause of action for invasion of privacy;

(2) the fourth cause of action for due process violations;

(3) the fifth cause of action for slander; and

(4) the tenth cause of action for invasion of privacy – publicly placing person in false light in public eye.

If Plaintiff wishes to file a Second Amended Complaint that is in accordance with this order, she must do so within 20 days. Defendants must file a responsive pleading within 20 days after a Second Amended Complaint is filed by Plaintiff, or within 40 days of this order if no amended complaint is filed.

IT IS SO ORDERED.

Dated:  February 29, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE