UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN NEWFARMER-FLETCHER,<br><br>              Plaintiff,<br><br>   v.<br><br>COUNTY OF SIERRA, a California Municipality, SIERRA COUNTY DEPT. OF HUMAN SERVICES/SOCIAL SERVICES DEPARTMENT, a government agency organized and existing pursuant to the law and policy of the COUNTY OF SIERRA, CAROL ROBERTS, Director of the DEPT. OF HUMAN SERVICES, JAMES MARKS, LARRY ALLEN, VAN MADDOX, JODI BENSON, CAROL IMAN, and DOES 1-50,<br><br>              Defendants. | Case No. 2:11-CV-02054 JAM-CKD<br><br>ORDER GRANTING DEFENDANTS' MOTON TO DISMISS |

    Before the Court is Defendants' County of Sierra, Sierra County Department of Human Services/Social Services Department, Carol Roberts ("Roberts"), James Marks ("Marks"), Larry Allen ("Allen"), Van Maddox ("Maddox"), and Jodi Benson ("Benson"), (collectively "Defendants"), Motion to Dismiss (Doc. #24) the Second Amended Complaint (Doc. #23) filed by Plaintiff Jean Newfarmer-Fletcher ("Plaintiff").  Plaintiff opposes the motion

(Doc. #25).[1]

I.   PROCEDURAL BACKGROUND & FACTUAL ALLEGATIONS

Plaintiff filed her Complaint (Doc. #1) on August 1, 2011. After Defendants filed a Motion to Dismiss (Doc. #6), Plaintiff filed her First Amended Complaint ("FAC") (Doc. #12). Defendants again filed their Motion to Dismiss (Doc. #17). The Court granted the Motion to Dismiss, but allowed Plaintiff leave to amend four of her claims (Doc. #22). Plaintiff now alleges three causes of action in her Second Amended Complaint ("SAC") (Doc. #23): (1) Due Process Violations (as against Roberts and Does 1-50); (2) Slander (against all Defendants); and (3) Invasion of Privacy (against Roberts, Marks, and Does 1-50).

Plaintiff is a social worker employed by Sierra County. In approximately May 2010, Plaintiff alleges that she participated in the initiation of a child dependency proceeding previously handled by Benson, another social worker at Sierra County Health and Human Services. Plaintiff believed that Benson's prior handling of the case was inaccurate and contained unspecified false information. Plaintiff alleges she reported her findings to her direct supervisor, Marks. Plaintiff alleges that Marks was in an inappropriate personal relationship with Benson and as a result of this relationship, Plaintiff alleges that she was targeted by Benson and Marks. Plaintiff alleges she was also harassed by Roberts, the Director of Health and Human Services in Sierra County and Curtis, an unknown party not named in this lawsuit.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 6, 2012.

Plaintiff's allegations stem from two key events: (1) In approximately June 2010, Plaintiff alleges that she received telephone calls from her clients who asked why Defendant Carol Iman, a union representative for California United Homecare Workers Union, was visiting them to obtain negative information about her. Plaintiff further alleges that Marks and Benson also approached her clients to illicit information to utilize against her.  Plaintiff avers that Defendants told County Counsel and the Board of Supervisors that Plaintiff had multiple complaints from her clients and was incompetent in her job; and (2) On or about April 8, 2011, Plaintiff alleges that she was forced to submit to an alcohol test at the direction of Roberts without a reasonable suspicion providing a basis for the test.  Plaintiff alleges that the test occurred at the Sheriff's Department in a room with clear glass windows, visible to the public, and not in private.  Plaintiff alleges that Roberts discussed the fact that Plaintiff underwent the alcohol test in the presence of other co-workers and that this information was released to the editor of the local newspaper, the Mountain Messenger. Plaintiff further alleges that Defendants refused to provide her with copies of the test results so that she could contest the legitimacy of the alcohol test through grievance procedures.

## II.  OPINION

### A.  Legal Standard

#### 1.  Motion to Dismiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of

Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

    2.   Section 1983

Plaintiff's claims against Defendants are brought under 42 U.S.C. § 1983 ("Section 1983"). To prevail in a Section 1983 civil action against state actors for the deprivation of

> rights, privileges, or immunities secured by the Constitution and laws, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. Section 1983 is not itself a source of substantive rights,

4

> but merely provides a method for vindicating federal rights elsewhere conferred. Accordingly, the conduct complained of must have deprived the plaintiff of some right, privilege or immunity protected by the Constitution or laws of the United States.

Thornton v. City of St. Helens, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (internal citations omitted).

### B. Claims for Relief

#### 1. Sierra County Department of Human Services/Social Services

Defendants argue that the Department of Human Services/Social Services ("DHSSS") should be dismissed with prejudice because under Section 1983 Plaintiff may not pursue claims against municipal departments. In the alternative, Defendants argue that because this Court dismissed all claims against the County of Sierra with prejudice, DHSSS should also be dismissed because it would be redundant to suing the County itself. Plaintiff replies, without any authority, that DHSSS is a proper defendant because the Court only dismissed the claims against the County of Sierra, not DHSS.

Municipal departments of a public entity, such as DHSSS, are not subject to suit under Section 1983. Vance v. Cnty. Of Santa Clara, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996). The correct party for Plaintiff's claims is the County of Sierra, which the Court already dismissed with prejudice. Accordingly, the Court GRANTS WITH PREJUDICE Defendants' Motion to Dismiss DHSSS.

#### 2. Due Process Violations

Defendants argue that Plaintiff fails to plead any facts regarding the procedural due process claim against Marks or Benson. Plaintiff concedes that they can be dismissed from this claim.

5

1  Accordingly, the Court GRANTS Defendants' Motion to Dismiss Marks
2  and Benson from the Due Process Claim WITH PREJUDICE.
3      Defendants argue that Plaintiff fails to allege any facts to
4  support a violation of her due process rights by Roberts.  In the
5  alternative, Defendants argue that Roberts is entitled to qualified
6  immunity.  Plaintiff counters that she pleads the elements of
7  procedural due process.  Without citing authority, she argues that
8  she has a property interest in not having her body arbitrarily
9  subjected to alcohol testing; she had no notice of the testing; and
10 Roberts refused to provide a copy of the results after the alcohol
11 testing was done with the intent to interfere with her ability to
12 utilize the grievance procedure.
13     As discussed in the Court's previous Order, Plaintiff must
14 allege (1) she possesses a liberty or property interest, <u>Bd. of
15 Regents of State Colls. v. Roth</u>, 408 U.S. 564 (1972); (2) she was
16 deprived of that interest by government action; <u>Gilbert v. Homar</u>,
17 520 U.S. 924 (1997); and (3) the deprivation occurred without
18 adequate notice and an opportunity to be heard.  <u>Id.</u>  The Court
19 held that Plaintiff can maintain this cause of action only if she
20 can plead the elements of the due process violation and allege how
21 she was denied due process despite voluntarily foregoing the
22 grievance process.
23     Plaintiff fails to point to any facts in the SAC or proffer
24 any argument to suggest that she was deprived of constitutionally-
25 protected property.  Plaintiff does not plead any facts that
26 suggest that as a result of the test, Plaintiff lost her job or was
27 subject to any type of discipline that would be a constitutionally-
28 protected property interest.  Her argument that she has a property

6

interest in not having her body arbitrarily subjected to alcohol testing lacks any authority. In sum, Plaintiff has not alleged that she was deprived of constitutionally-protected property and thus fails to plead the elements of her due process violation claim.

Furthermore, Plaintiff still does not allege how she was denied due process despite voluntarily foregoing the grievance process. Plaintiff does not dispute that there were adequate procedural safeguards in place and available to her. Moreover, the policies of the County of Sierra clearly reflect that Plaintiff had many options available to her to pursue her grievance claim – none of which required documentary evidence.[2] Accordingly, the Court GRANTS Defendants' Motion to Dismiss the First Cause of Action WITH PREJUDICE. Because the Court finds that Plaintiff does not have a due process claim, it need not reach whether Roberts is entitled to qualified immunity.

### 3. Jurisdiction

"The district court[] may decline to exercise supplemental jurisdiction . . . if [it] has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367. "The exercise of pendent jurisdiction to hear state claims is within the discretion of the federal district court." Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir. 1992). When determining whether to remand, the court should consider "the values of judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ.

---

[2] The Court GRANTS Defendants' Request for Judicial Notice in Support of Motion to Dismiss Second Amended Complaint (Doc. #24) pursuant to Federal Rule of Evidence 201(b)(2). Accordingly, the Court takes notice of the provided excerpts of the official Sierra County Employee Handbook.

v. Cohill, 484 U.S. 343, 350 (1988).

Because the Court has dismissed Plaintiff's federal claims with prejudice, it declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, these claims are dismissed and may be re-filed in state court if Plaintiff so chooses.

## III. ORDER

For the reasons set forth above,

The Court GRANTS WITH PREJUDICE Defendants' Motion to Dismiss:

(1) All causes of action against the Sierra County Department of Human Services/Social Services; and

(2) Plaintiff's first cause of action for due process violations.

The Court DISMISSES WITHOUT PREJUDICE:

(1) The second cause of action for slander; and

(2) The third cause of action for invasion of privacy.

IT IS SO ORDERED.

Dated: July 9, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE