UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEAN NEWFARMER-FLETCHER, | ) | Case No. 2:11-CV-02054 JAM-CKD |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING DEFENDANTS' |
| v. | ) | MOTON TO DISMISS |
| | ) | |
| COUNTY OF SIERRA, a California | ) | |
| Municipality, SIERRA COUNTY | ) | |
| DEPT. OF HUMAN SERVICES/SOCIAL | ) | |
| SERVICES DEPARTMENT, a | ) | |
| government agency organized and | ) | |
| existing pursuant to the law and | ) | |
| policy of the COUNTY OF SIERRA, | ) | |
| CAROL ROBERTS, Director of the | ) | |
| DEPT. OF HUMAN SERVICES, JAMES | ) | |
| MARKS, LARRY ALLEN, VAN MADDOX, | ) | |
| JODI BENSON, CAROL IMAN, and | ) | |
| DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendants' County of Sierra, Sierra

County Department of Human Services/Social Services Department,

Carol Roberts ("Roberts"), James Marks ("Marks"), Larry Allen

("Allen"), Van Maddox ("Maddox"), and Jodi Benson ("Benson"),

(collectively "Defendants"), Motion to Dismiss (Doc. #24) the

Second Amended Complaint (Doc. #23) filed by Plaintiff Jean

Newfarmer-Fletcher ("Plaintiff").  Plaintiff opposes the motion

1

1   (Doc. #25).[1]

2

3               I.    PROCEDURAL BACKGROUND & FACTUAL ALLEGATIONS

4        Plaintiff filed her Complaint (Doc. #1) on August 1, 2011.

5   After Defendants filed a Motion to Dismiss (Doc. #6), Plaintiff

6   filed her First Amended Complaint ("FAC") (Doc. #12).  Defendants

7   again filed their Motion to Dismiss (Doc. #17).  The Court granted

8   the Motion to Dismiss, but allowed Plaintiff leave to amend four of

9   her claims (Doc. #22).  Plaintiff now alleges three causes of

10  action in her Second Amended Complaint ("SAC") (Doc. #23): (1) Due

11  Process Violations (as against Roberts and Does 1-50); (2) Slander

12  (against all Defendants); and (3) Invasion of Privacy (against

13  Roberts, Marks, and Does 1-50).

14       Plaintiff is a social worker employed by Sierra County.  In

15  approximately May 2010, Plaintiff alleges that she participated in

16  the initiation of a child dependency proceeding previously handled

17  by Benson, another social worker at Sierra County Health and Human

18  Services.  Plaintiff believed that Benson's prior handling of the

19  case was inaccurate and contained unspecified false information.

20  Plaintiff alleges she reported her findings to her direct

21  supervisor, Marks.  Plaintiff alleges that Marks was in an

22  inappropriate personal relationship with Benson and as a result of

23  this relationship, Plaintiff alleges that she was targeted by

24  Benson and Marks.  Plaintiff alleges she was also harassed by

25  Roberts, the Director of Health and Human Services in Sierra County

26  and Curtis, an unknown party not named in this lawsuit.

27

---

28  [1] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
    for June 6, 2012.

1  Plaintiff's allegations stem from two key events:

2  (1) In approximately June 2010, Plaintiff alleges that she received

3  telephone calls from her clients who asked why Defendant Carol

4  Iman, a union representative for California United Homecare Workers

5  Union, was visiting them to obtain negative information about her.

6  Plaintiff further alleges that Marks and Benson also approached her

7  clients to illicit information to utilize against her.  Plaintiff

8  avers that Defendants told County Counsel and the Board of

9  Supervisors that Plaintiff had multiple complaints from her clients

10 and was incompetent in her job; and (2) On or about April 8, 2011,

11 Plaintiff alleges that she was forced to submit to an alcohol test

12 at the direction of Roberts without a reasonable suspicion

13 providing a basis for the test.  Plaintiff alleges that the test

14 occurred at the Sheriff's Department in a room with clear glass

15 windows, visible to the public, and not in private.  Plaintiff

16 alleges that Roberts discussed the fact that Plaintiff underwent

17 the alcohol test in the presence of other co-workers and that this

18 information was released to the editor of the local newspaper, the

19 Mountain Messenger. Plaintiff further alleges that Defendants

20 refused to provide her with copies of the test results so that she

21 could contest the legitimacy of the alcohol test through grievance

22 procedures.

23

24                         II.  OPINION

25    A.   Legal Standard

26         1.   Motion to Dismiss

27    A party may move to dismiss an action for failure to state a

28 claim upon which relief can be granted pursuant to Federal Rule of

1  Civil Procedure 12(b)(6).  In considering a motion to dismiss, the

2  court must accept the allegations in the complaint as true and draw

3  all reasonable inferences in favor of the plaintiff.  Scheuer v.

4  Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by

5  Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319,

6  322 (1972).  Assertions that are mere "legal conclusions," however,

7  are not entitled to the assumption of truth.  Ashcroft v. Iqbal,

8  556 U.S. 662, 678 (2009), (citing Bell Atlantic Corp. v. Twombly,

9  550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, a

10  plaintiff needs to plead "enough facts to state a claim to relief

11  that is plausible on its face."  Twombly, 550 U.S. at 570.

12  Dismissal is appropriate where the plaintiff fails to state a claim

13  supportable by a cognizable legal theory.  Balistreri v. Pacifica

14  Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

15       Upon granting a motion to dismiss for failure to state a

16  claim, the court has discretion to allow leave to amend the

17  complaint pursuant to Federal Rule of Civil Procedure 15(a).

18  "Dismissal with prejudice and without leave to amend is not

19  appropriate unless it is clear . . . that the complaint could not

20  be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon, Inc.,

21  316 F.3d 1048, 1052 (9th Cir. 2003).

22            2.   Section 1983

23       Plaintiff's claims against Defendants are brought under 42

24  U.S.C. § 1983 ("Section 1983").  To prevail in a Section 1983 civil

25  action against state actors for the deprivation of

26       rights, privileges, or immunities secured by the
         Constitution and laws, a plaintiff must show that
27       (1) acts by the defendants (2) under color of state
         law (3) deprived him of federal rights, privileges
28       or immunities and (4) caused him damage.  Section
         1983 is not itself a source of substantive rights,

4

1    but merely provides a method for vindicating federal
     rights elsewhere conferred.  Accordingly, the
2    conduct complained of must have deprived the
     plaintiff of some right, privilege or immunity
3    protected by the Constitution or laws of the United
     States.
4

5    Thornton v. City of St. Helens, 425 F.3d 1158, 1163-64 (9th Cir.

6    2005) (internal citations omitted).

7         B.    Claims for Relief

8              1.    Sierra County Department of Human Services/Social
                     Services
9

10    Defendants argue that the Department of Human Services/Social

11   Services ("DHSSS") should be dismissed with prejudice because under

12   Section 1983 Plaintiff may not pursue claims against municipal

13   departments.  In the alternative, Defendants argue that because

14   this Court dismissed all claims against the County of Sierra with

15   prejudice, DHSSS should also be dismissed because it would be

16   redundant to suing the County itself.  Plaintiff replies, without

17   any authority, that DHSSS is a proper defendant because the Court

18   only dismissed the claims against the County of Sierra, not DHSS.

19         Municipal departments of a public entity, such as DHSSS, are

20   not subject to suit under Section 1983.  Vance v. Cnty. Of Santa

21   Clara, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996).  The correct

22   party for Plaintiff's claims is the County of Sierra, which the

23   Court already dismissed with prejudice.  Accordingly, the Court

24   GRANTS WITH PREJUDICE Defendants' Motion to Dismiss DHSSS.

25              2.    Due Process Violations

26    Defendants argue that Plaintiff fails to plead any facts

27   regarding the procedural due process claim against Marks or Benson.

28   Plaintiff concedes that they can be dismissed from this claim.

1   Accordingly, the Court GRANTS Defendants' Motion to Dismiss Marks

2   and Benson from the Due Process Claim WITH PREJUDICE.

3        Defendants argue that Plaintiff fails to allege any facts to

4   support a violation of her due process rights by Roberts.  In the

5   alternative, Defendants argue that Roberts is entitled to qualified

6   immunity.  Plaintiff counters that she pleads the elements of

7   procedural due process.  Without citing authority, she argues that

8   she has a property interest in not having her body arbitrarily

9   subjected to alcohol testing; she had no notice of the testing; and

10  Roberts refused to provide a copy of the results after the alcohol

11  testing was done with the intent to interfere with her ability to

12  utilize the grievance procedure.

13       As discussed in the Court's previous Order, Plaintiff must

14  allege (1) she possesses a liberty or property interest, Bd. of

15  Regents of State Colls. v. Roth, 408 U.S. 564 (1972); (2) she was

16  deprived of that interest by government action; Gilbert v. Homar,

17  520 U.S. 924 (1997); and (3) the deprivation occurred without

18  adequate notice and an opportunity to be heard.  Id.  The Court

19  held that Plaintiff can maintain this cause of action only if she

20  can plead the elements of the due process violation and allege how

21  she was denied due process despite voluntarily foregoing the

22  grievance process.

23       Plaintiff fails to point to any facts in the SAC or proffer

24  any argument to suggest that she was deprived of constitutionally-

25  protected property.  Plaintiff does not plead any facts that

26  suggest that as a result of the test, Plaintiff lost her job or was

27  subject to any type of discipline that would be a constitutionally-

28  protected property interest.  Her argument that she has a property

1  interest in not having her body arbitrarily subjected to alcohol

2  testing lacks any authority.  In sum, Plaintiff has not alleged

3  that she was deprived of constitutionally-protected property and

4  thus fails to plead the elements of her due process violation

5  claim.

6       Furthermore, Plaintiff still does not allege how she was

7  denied due process despite voluntarily foregoing the grievance

8  process.  Plaintiff does not dispute that there were adequate

9  procedural safeguards in place and available to her.  Moreover, the

10 policies of the County of Sierra clearly reflect that Plaintiff had

11 many options available to her to pursue her grievance claim – none

12 of which required documentary evidence.[2]  Accordingly, the Court

13 GRANTS Defendants' Motion to Dismiss the First Cause of Action WITH

14 PREJUDICE.  Because the Court finds that Plaintiff does not have a

15 due process claim, it need not reach whether Roberts is entitled to

16 qualified immunity.

17          3.   Jurisdiction

18      "The district court[] may decline to exercise supplemental

19 jurisdiction . . . if [it] has dismissed all claims over which it

20 has original jurisdiction."  28 U.S.C. § 1367.  "The exercise of

21 pendent jurisdiction to hear state claims is within the discretion

22 of the federal district court."  Imagineering, Inc. v. Kiewit Pac.

23 Co., 976 F.2d 1303, 1309 (9th Cir. 1992).  When determining whether

24 to remand, the court should consider "the values of judicial

25 economy, convenience, fairness, and comity."  Carnegie-Mellon Univ.

26 _____

27 [2] The Court GRANTS Defendants' Request for Judicial Notice in
   Support of Motion to Dismiss Second Amended Complaint (Doc. #24)
   pursuant to Federal Rule of Evidence 201(b)(2).  Accordingly, the
28 Court takes notice of the provided excerpts of the official Sierra
   County Employee Handbook.

1  v. Cohill, 484 U.S. 343, 350 (1988).

2       Because the Court has dismissed Plaintiff's federal claims

3  with prejudice, it declines to exercise supplemental jurisdiction

4  over the remaining state law claims. Accordingly, these claims are

5  dismissed and may be re-filed in state court if Plaintiff so

6  chooses.

7

8                              III. ORDER

9       For the reasons set forth above,

10      The Court GRANTS WITH PREJUDICE Defendants' Motion to Dismiss:

11      (1)  All causes of action against the Sierra County Department

12  of Human Services/Social Services; and

13      (2)  Plaintiff's first cause of action for due process

14  violations.

15      The Court DISMISSES WITHOUT PREJUDICE:

16      (1)  The second cause of action for slander; and

17      (2)  The third cause of action for invasion of privacy.

18      IT IS SO ORDERED.

19  Dated:  July 9, 2012

20                              JOHN A. MENDEZ,
                                UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28