UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN NEWFARMER-FLETCHER,<br><br>             Plaintiff,<br><br>     v.<br><br>COUNTY OF SIERRA, et al.,<br><br>             Defendants. | No.  2:11-CV-02054 JAM-CKD<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES** |

     This matter is before the Court on Defendants' County of Sierra, Sierra County Department of Human Services/Social Services Department, Carol Roberts, James Marks, Larry Allen, Van Maddox, and Jodi Benson, (collectively "Defendants"), Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988 (Doc. #31). Plaintiff Janis Starkey ("Plaintiff") opposes the motion (Doc. #33).[1]  For the following reasons, Defendants' motion is denied.

     //
     //

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was originally scheduled for October 3, 2012.

1

1         I. PROCEDURAL BACKGROUND & FACTUAL ALLEGATIONS
2         Plaintiff sued Defendants alleging civil rights violations
3    and state tort violations (Doc. #1).  After Defendants filed a
4    Motion to Dismiss (Doc. #6), Plaintiff filed her First Amended
5    Complaint (Doc. #12).  Defendants again filed their Motion to
6    Dismiss (Doc. #17), which the Court granted but allowed Plaintiff
7    leave to amend four of her claims (Doc. #22).  Once Plaintiff
8    filed her Second Amended Complaint (Doc. #23), Defendants moved
9    once more to dismiss (Doc. #24).  The Court issued an order on
10   July 9, 2012, dismissing all of Plaintiff's remaining claims
11   (Doc. #29).  The Court, however, did not reach the merits on
12   Plaintiff's related state law claims for slander and invasion of
13   privacy because it declined to exercise jurisdiction over those
14   claims, and they were dismissed without prejudice.
15
16                              II. OPINION
17        A.   Legal Standard for Award Pursuant to 42 U.S.C. § 1988
18        Normally, "a district court may in its discretion award
19   attorney's fees to a prevailing defendant [pursuant to 42 U.S.C.
20   § 1988] upon a finding that the plaintiff's action was frivolous,
21   unreasonable, or without foundation, even though not brought in
22   subjective bad faith."  Christiansburg Garment Co. v. Equal
23   Employment Opportunity Comm'n, 434 U.S. 412, 421 (1978).  "[T]he
24   bringing of cases with no foundation in law or facts at the
25   outset" can give rise to an award of fees to a prevailing
26   defendant under § 1988.  Mitchell v. Office of L.A. Cnty.
27   Superintendent of Sch., 805 F.2d 844, 847 (9th Cir. 1986).
28

A defendant seeking fees has the burden to "establish that fees are attributable solely to the frivolous claims," which "is from a practical standpoint extremely difficult to carry." Braunstein v. Ariz. Dep't of Transp., 683 F.3d 1177, 1189 (9th Cir. 2012) (quoting Harris v. Maricopa Cnty. Superior Court, 631 F.3d 963, 972 (9th Cir. 2011)).

B.   Discussion

Defendants contend that they are entitled to fees under § 1988 because all the claims were dismissed and because the claims were frivolous.  Plaintiff argues that attorney's fees are unwarranted because there was no bad faith as required under 28 U.S.C. § 1927.  In Defendants' reply, they clarify that they are not seeking attorney's fees under § 1927, and therefore, bad faith is not required.

For purposes of this present motion, Defendants have not met their burden to show that the fees requested arise solely from Plaintiff's dismissed civil rights claim, and it is probably impossible for them to do so.  See Harris, 631 F.3d at 968. Defendants moved for and achieved a dismissal with prejudice of all claims except the slander and invasion of privacy claims, which were dismissed without prejudice.  Moreover, the slander and invasion of privacy claims were dismissed in an earlier order, but with leave to amend, which means the claims could have been saved by amendment.  Thus, it is unclear whether those claims were meritorious.  Additionally, Plaintiff's civil rights claim and state tort claims are intertwined because the state law claims are based on the conduct that Plaintiff alleges was retaliatory in her § 1983 claim.  Therefore, a fee award would be

3

1  inappropriate.  See Braunstein, 683 F.3d at 118 (holding that a
2  fee award is not available for frivolous claims intertwined with
3  non-frivolous claims).
4     Further, even if the claims could be separated, the
5  declaration submitted in support of the present motion makes no
6  distinction between the fees expended on the civil rights claims
7  and the fees expended on the slander and invasion of privacy
8  claims.  Dividing the fees by the hours each attorney worked on
9  each motion is not enough to satisfy Defendants' burden.  See
10 Harris, 631 F.3d at 971.  It is also impossible to adequately
11 distinguish the different claims from the statement of the
12 services rendered because in the statement, the hours expended
13 are not separated by claim.  Statement, Exhibit A to the
14 Declaration of Kristina M. Hall, Doc #31.

### III. ORDER

For the foregoing reasons, a fee award under § 1988 is inappropriate.  Defendants' motion is therefore DENIED.

IT IS SO ORDERED.

Dated: October 22, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE